**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BRUCE LEE SHATTUCK,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 07-CV-378-JHP-PJC |
| ) | |
| **RANDY WORKMAN, Warden,**[1] ) | |
| ) | |
| **Respondent.** ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 2) filed by Petitioner, a state prisoner represented in this matter by counsel. Respondent filed a response to the petition (Dkt. # 10), and provided the state court record necessary for resolution of petitioner's claims (Dkt. ## 10, 13). Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

Prior to her death, Petitioner's mother, Annabelle Shattuck, established a trust. Ms. Shattuck and one of her daughters, Sandra Lee, served as co-trustees of the trust. Upon her death in December 2002, Petitioner's sisters, Ms. Lee and Linda Nixon, each received one-third of the assets. Petitioner's one-third, approximately $130,000, remained held in trust with Arvest Trust Company serving as trustee.[2] Petitioner also received his mother's house and car. Petitioner was convinced,

---

[1] Petitioner is incarcerated at Oklahoma State Penitentiary. The proper party respondent is his current warden, Randy Workman. The Clerk of Court shall substitute Randy Workman, Warden, in place of the State of Oklahoma as party respondent.

[2] At the time of Petitioner's trial, First National Bank and Trust Company of Vinita, Oklahoma, served as trustee.

however, that Ms. Lee continued to serve as trustee after her mother's death and had manipulated the terms of the trust to deprive Petitioner of his share of the money.

In December 2003, Petitioner threatened to kill his sisters. As a result, his sister Ms. Lee obtained a protective order. At the protective order hearing, Petitioner asked the judge how a piece of paper would stop a bullet. In June 2004, Petitioner was in custody in the Washington County Jail. He shared a cell with several prisoners, including Tommy Roach, Kendall Garrett, and Terry Wilhelm. On June 23, 2004, Petitioner offered $1,000 to any one of his cell mates who would kill his sister, Sandra Lee. He told Mr. Garrett where his sister lived and drew a map of her home, marking a closet where guns were kept with the word "bingo." Mr. Garrett put the map in his Bible stored under his mattress. Concerned that Petitioner was determined to have his sister killed, Mr. Roach told a jail official, Janet Sue Willaford, that Petitioner had offered to pay his cellmates for the murder of his sister. Detective Kevin Ickleberry interviewed Petitioner, Mr. Roach, and Mr. Garrett. Based on Mr. Roach's allegation that Mr. Garrett had placed a map drawn by Petitioner under his mattress, Detective Ickleberry had jailers conduct a search of the cell. The map was found under the mattress, with the gun closet marked "bingo." Ms. Lee confirmed that the map was a diagram of her house. Petitioner told Detective Ickleberry that he wouldn't hire someone to kill his sister because he wanted to kill her himself, and that killing her would make him happy.

On June 29, 2004, as a result of those events, Petitioner was arrested and charged with Solicitation to Commit First Degree Murder (Count 1), After Former Conviction of Two or More Felonies, in Washington County District Court, Case No. CF-2004-308. At the conclusion of a jury trial, Petitioner was found guilty as charged. On April 21, 2005, the trial court judge sentenced Petitioner in accordance with the jury's recommendation to twenty (20) years imprisonment.

Petitioner was represented during his criminal proceedings by attorneys Thomas Mortenson and Andre Carolina.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Continuing to be represented by attorneys Mortenson and Carolina, Petitioner raised the following propositions of error:

> Proposition 1: The State violated Appellant's right to due process when it destroyed favorable evidence that was material to the issue of guilt.
> (a) The audio-tape recording was favorable to the Appellant.
> (b) The recording was material to the question of guilt.
>
> Proposition 2: The State violated Appellant's right to due process when it acted in bad faith in destroying evidence that was potentially useful to defendant.
> (a) The recording was potentially useful to defendant.
> (b) The State acted in bad faith, or at the very least, failed to act in accord with normal practice.
>
> Proposition 3: The trial court failed to give the jury a proper instruction on the destroyed evidence.
>
> Proposition 4: The trial court erred in not allowing the Appellant a continuance to examine evidence that had been intentionally withheld from the Appellant.
>
> Proposition 5: The State committed reversible error by failing to disclose other evidence pursuant to the trial court's discovery orders.
>
> Proposition 6: The prosecutor used improper character evidence to prejudice the jury and obtain a conviction.
>
> Proposition 7: The trial court failed to exclude witness Detective Ickleberry during the course of the trial in violation of the rule of sequestration.
>
> Proposition 8: The prosecutor engaged in improper burden shifting in closing arguments which prejudiced Appellant.
>
> Proposition 9: The cumulative effect of all the errors deprived Appellant of a fair trial.

See Dkt. # 10, Ex. 2. In an unpublished opinion filed July 11, 2006, in Case No. F-2005-406 (Dkt. # 10, Ex. 1), the OCCA rejected each claim and affirmed the Judgment and Sentence of the trial court.

On July 5, 2007, Petitioner, represented by attorney Mortensen, filed his federal petition for writ of habeas corpus (Dkt. # 2). On August 4, 2007, he filed a supporting brief (Dkt. # 8). Petitioner raises six (6) grounds for relief corresponding to Propositions 1-6 as presented to the OCCA on direct appeal. See Dkt. #s 2 and 8. In response to the petition, Respondent asserts that Petitioner is not entitled to relief under 28 U.S.C. § 2254(d), (e). See Dkt. # 10.

## *ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, see Dkt. # 10, ¶ 5, that Petitioner has exhausted state court remedies. The Court agrees. The exhaustion requirement is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United

States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, to the extent the claims are cognizable, they shall be reviewed pursuant to § 2254(d), (e).

### 1. Withholding and destruction of evidence (grounds 1 and 2)

In his first two propositions of error, Petitioner complains that his right to due process was violated when the prosecution destroyed and/or failed to preserve audio taped recordings of Detective Ickleberry's interviews of Mr. Roach and of Mr. Garrett. Petitioner raised these two claims, along with his third proposition of error, that the jury was not properly instructed concerning the allegedly destroyed audiotapes, on direct appeal. The OCCA denied relief, finding as follows:

> Appellant's first three propositions are premised on his factual claim that the State suppressed and/or destroyed recorded statements containing exculpatory or potentially useful evidence. Because Appellant has failed to show that recordings of the statements in question ever existed, he cannot show that such recordings were either suppressed or destroyed by the State. Propositions 1, 2, and 3, are therefore denied.

(Dkt. # 10, Ex. 1 (citations omitted)).

5

A state violates a defendant's due process rights when it fails to disclose evidence that is material to the defendant's guilt. Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence is considered material to the defendant's guilt when it "possess[es] an exculpatory value that was apparent before the evidence was destroyed and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984) (citations omitted). If the evidence does not possess apparent exculpatory value before its destruction, however, it may be considered only "potentially useful" evidence; and in that case, due process will not be implicated unless the defendant shows that the police acted in bad faith in failing to preserve it. Arizona v. Youngblood, 488 U.S. 51, 58 (1988).

In this case, Petitioner's claims arose when Detective Ickleberry testified at preliminary hearing that he had audio taped his interview of Petitioner and that he believed he had audio taped his interviews of witnesses Kendall Garrett and Tommy Roach. See Trans. Prelim. Hr'g at 70. Prior to trial, however, Detective Ickleberry discovered that the interview of Tommy Roach had not been recorded at all and that the tape recording of the interview of Kendall Garrett had malfunctioned, probably due to the use of an old tape, so that the tape was mostly blank and unusable. Defense counsel filed a motion to dismiss based on the issues surrounding the tape recordings. The trial court held a hearing on the motion and heard testimony from Detective Ickleberry. The detective acknowledged that his statement at the preliminary hearing was incorrect. See Trans. Mot. Hr'g, dated April 12, 2005, at 4. He clarified that he did not record his interview of Mr. Roach, but that he did record Petitioner and Mr. Garrett. Id. However, the tape malfunctioned during the Garret interview. Id. After listening to the mostly blank tape from the Garrett interview and hearing argument on the motion, the trial court denied the motion to dismiss. See id. at 23.

The Court need not determine whether the tape recordings contained "exculpatory or potentially useful evidence." The OCCA's direct appeal ruling rested on the factual determination that Plaintiff had failed to demonstrated that tape recordings containing "exculpatory or potentially useful evidence" ever existed. Under 28 U.S.C. § 2254(e)(1), that finding of fact is presumed correct. Thus, as discussed above, Petitioner is not entitled to relief on his grounds of error related to the audiotapes unless he rebuts the presumption of correctness by clear and convincing evidence. See § 2254(e)(1); see also Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560, 571-72 (10th Cir. 2000) (applying presumption of correctness to facts underlying Brady claim), *abrogated on other grounds by* McGregor v. Gibson, 248 F.3d 946 (10th Cir. 2001). In this habeas action, Petitioner simply reargues his claims as raised on direct appeal. He makes no effort to rebut the OCCA's finding of fact. As a result, he is not entitled to habeas corpus relief on either grounds one or two.

**2. Failure to give requested jury instruction (ground 3)**

As his third proposition of error, Petitioner complains that the trial court erred in failing to give his requested jury instruction on spoliation of evidence. As indicated above, the OCCA rejected this claim on direct appeal based on Petitioner's failure to show that the allegedly destroyed recordings ever existed.

Where a petitioner challenges the trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error. Tyler v. Nelson, 163 F.3d 1222, 1227 (10th Cir. 1999). The burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the

7

law.'" Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

Upon review of the record in this case, the Court agrees with the OCCA that because Petitioner failed to demonstrate that recordings of the statements in question ever existed, he was not entitled to an instruction on destruction of evidence. The Court further notes that the jury was instructed concerning consideration of the inconsistent statements made by Detective Ickleberry. See Instruction No. 16, O.R. Vol. II at 227. Therefore, Petitioner's trial was not rendered fundamentally unfair by the trial court's refusal to issue the requested instruction. The OCCA's affirmance of Petitioner's conviction and sentence therefore did not violate clearly established federal law. Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### 3. Denial of a continuance (ground 4)

In ground 4, Petitioner claims that the trial court erred in failing to grant a continuance so that he could examine evidence that had been allegedly withheld intentionally until the day of trial. The challenged evidence was the unusable audiotape from the interview of witness Kendall Garrett. Defense counsel asked for a continuance to have the tape examined by an expert to determine if the tape had been tampered with. The trial court denied the request for a continuance. On direct appeal, the OCCA denied relief on this claim, finding "no abuse of discretion in the District Court's refusal to postpone the trial to permit defense counsel to examine the tape for evidence of tampering. Appellant has not shown on appeal how he was prejudiced by this ruling." (Dkt. # 10, Ex. 1).

"[W]hen a denial of a continuance forms a basis of a petition for a writ of habeas corpus, not only must there have been an abuse of discretion, but it must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process." Case v. Mondragon,

887 F.2d 1388, 1396 (10th Cir. 1989) (internal quotation marks omitted); Lucero v. Kerby, 133 F.3d 1299, 1309 (10th Cir. 1998). A court's analysis focuses on the "need for a continuance and the prejudice or lack of prejudice resulting from its denial, in the context of a fundamental fairness evaluation." Id. at 1397.

Upon review of the record in this case, the Court finds that Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair by the trial court's denial of a continuance. Petitioner's need for a continuance was not so high that it prejudiced his defense. He was able to present his defense by cross-examining the witnesses, including Detective Ickleberry and Kendall Garrett. Petitioner is not entitled to habeas corpus relief on this ground of error.

### 4. Failure to comply with discovery orders (ground 5)

In ground 5, Petitioner alleges that the State failed to disclose evidence in violation of discovery orders resulting in reversible error. He identifies two areas of concern: the State's failure (1) to provide "adequate" criminal history background checks of its material witnesses, and (2) to provide the audio taped recording of Detective Ickleberry's interview of Petitioner. See Dkt. # 8. The OCCA rejected this claim on direct appeal, finding as follows:

> [W]e are satisfied that the prosecution complied with its discovery obligations in good faith. Appellant received a transcript of the audio taped statement of Appellant months before trial, and subsequently stipulated that the transcript was an accurate rendition of the belatedly produced audiotape. The failure to provide perfectly accurate criminal histories for the State's witnesses was inadvertent and did not prevent Appellant from impeaching the State's witnesses effectively. Appellant shows no prejudice requiring reversal.

(Dkt. # 10, Ex. 1).

It is fundamental that habeas corpus relief is not available for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Failure to disclose discovery materials in violation of a state

procedural rule is an error of state law that does not implicate the federal Constitution, unless the materials were material and favorable to the defense and the late disclosure sufficiently prejudiced the Applicant so as to deprive him of the fundamental fairness required by the Due Process Clause. Id. at 67-68; see also Brady, 373 U.S. 83 (1963); Strickler v. Greene, 527 U.S. 263, 281-82 (1999). "'As long as ultimate disclosure is made before it is too late for the defendant to make use of any benefits of the evidence, Due Process is satisfied.'" United States v. Mendez, 514 F.3d 1035, 1047 (10th Cir. 2008) (quoting United States v. Warhop, 732 F.2d 775, 777 (10th Cir. 1984)). "[T]he relevant standard of materiality [in a late disclosure case] does not focus on the trial preparation, but instead on whether earlier disclosure would have created a reasonable doubt of guilt that did not otherwise exist." United States v. Scarborough, 128 F.3d 1373, 1376 (10th Cir. 1997).

Even if the OCCA erroneously determined that Oklahoma's discovery rules had not been violated by the prosecution, Petitioner has failed to establish a violation of due process guaranteed by the federal constitution. Defense counsel acknowledged that he had been provided the transcript from the recorded interview months before the trial. See Trans. Mot. Hr'g, dated April 12, 2005, at 21. In addition, any shortcomings in the criminal histories of witnesses provided by the State were inadvertent and at trial, both defense counsel and the prosecutor effectively cross-examined the witnesses with their available criminal histories. See Tr. Trans. at 61-65, 144. Petitioner has not established that the result of the proceedings would have been different without the delay in being provided the audiotape and had additional information concerning the witnesses' criminal histories been provided. The alleged discovery violations do not implicate due process concerns. Petitioner is not entitled to habeas corpus relief on his claim based on alleged violations of discovery orders.

### 5. Improper introduction of evidence of other bad acts (ground 6)

As his sixth ground of error, Petitioner complains that the trial court judge, over his objection, allowed introduction of other evidence of bad acts. Specifically, he complains that the State elicited testimony from Bertha Lanckriet, Senior Trust Officer for Arvest Trust Company, that at times Petitioner "needed money for fines or for bail," see Tr. Trans. 17, and that he could be "very difficult, demanding," id. at 19. Petitioner also points to testimony of Sandra Lee concerning Petitioner's anger over the division of his mother's estate, id. at 42, and describing steps she took to protect herself after Petitioner threatened to kill her, including installation of motion detectors and storm doors with bars, id. at 45. On direct appeal, the OCCA cited Okla. Stat. tit. 12, §§ 2403, 2404(B), and found that "Appellant was not unfairly surprised by the evidence and it was admissible to prove Appellant's motive and intent in soliciting the murder of his sister." (Dkt. # 10, Ex. 1).

A habeas court evaluates admission of "other crimes evidence" under general due process principles to determine whether evidence was "introduced that is so unduly prejudicial that it renders the trial fundamentally unfair . . . ." Payne v. Tennessee, 501 U.S. 808, 825 (1991) (citing Darden v. Wainwright, 477 U.S. 168, 179-83 (1986)); see also Estelle, 502 U.S. at 69-70; Knighton v. Mullin, 293 F.3d 1165, 1170 (10th Cir. 2002). The Tenth Circuit has held that this standard will be satisfied only if "the probative value of [the challenged] evidence is . . . greatly outweighed by the prejudice flowing from its admission . . . ." Knighton, 293 F.3d at 1171 (internal quotation marks omitted).

After reviewing the trial transcripts, the Court finds that the OCCA's rejection of Petitioner's claim on direct appeal is neither contrary to, nor an unreasonable application of, these general principles. The state appellate court's determination that the evidence "was admissible to prove

11

Appellant's motive and intent in soliciting the murder of his sister" was not erroneous. Furthermore, Petitioner has failed to demonstrate that the admission of the evidence rendered his trial fundamentally unfair. After the testimony of Petitioner's sister, Sandra Lee, the trial court instructed the jury as to the limited purpose of the evidence and that the jury was not to consider the other crimes evidence as proof of guilt or innocence of the crimes charged in the Information. See Tr. Trans. at 53. In addition, a written instruction concerning the limited purpose of evidence of another crime was given to the jury. See Instruction No. 13, O.R. at 224. Jurors are presumed to follow the judge's instructions. Francis v. Franklin, 471 U.S. 307, 324 n.9 (1985) ("Absent . . . extraordinary situations, . . . we adhere to the crucial assumption underlying our constitutional system of trial by jury that jurors carefully follow instructions."). Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall **substitute** Randy Workman, Warden, in place of the State of Oklahoma as party respondent.
2. The petition for writ of habeas corpus (Dkt. # 2) is **denied**.
3. A separate judgment shall be entered in this matter.

**DATED** this 24th day of November, 2010.

James H. Payne
United States District Judge
Northern District of Oklahoma